BENNETT et al. v. GLENN.

(Circuit Court of Appeals, Fourth Circuit. May 24, 1893.)

No. 38.

CORPORATIONS—STOCKHOLDERS—UNPAID SUBSCRIPTIONS—DEFENSES.

In an action against a stockholder to recover an assessment for unpaid subscriptions, it is no defense that the liability of certain other stockholders on their subscriptions had previously been compromised by the creditors for less than the amounts due, when it appears that the entire unpaid subscriptions of all the stockholders had to be exhausted in order to satisfy the creditors' claims.

In Error to the Circuit Court of the United States for the District of West Virginia. Affirmed.

Statement by FULLER, Circuit Justice:

This was an action of assumpsit, brought by John Glenn, trustee, against J. W. Bennett, to recover an assessment on 50 shares of the capital stock of the National Express & Transportation Company. After the action was commenced, Bennett died, and the case was revived against his executors. The declaration averred that in November, 1865, Bennett subscribed for 50 shares of the stock of the express company, and became a stockholder therein. That in 1866 the company assigned all its assets to Hoge and other trustees for the benefit of creditors. That in a suit in the chancery court of Richmond, in which creditors of the company were complainants, and the company, the trustees, and others were defendants, a decree was rendered December 14, 1880, which ascertained the company's indebtedness; found 80 per cent. of the stock subscription was unpaid; made a call and assessment of 30 per cent.; appointed Glenn trustee in place of the original trustees, and directed him to collect the assessment. That in 1884 the trustee brought suit upon this assessment against Bennett, and recovered judgment for $1,328.33, which was paid in full. That on March 26, 1886, an additional assessment of 50 per cent. was made, making $2,500 on Bennett's stock, for the recovery of which, with interest, this action was commenced.

The executors filed pleas of non assumpsit, statute of limitation of ten years and of five years, and a fourth plea as follows: "And the defendants, for further plea in this behalf, say the plaintiff his action aforesaid thereof against them ought not to have, because they say, if their testator, Jonathan M. Bennett, in his lifetime, subscribed for        shares of the capital stock of the joint-stock company and corporation known and called the National Express and Transportation Company, as the plaintiff in his declaration hath averred, that a certain Michael C. Garber subscribed for 100 shares of the capital stock of said company, of the par value of $10,000; that Thomas Opie subscribed for 60 shares of the capital stock of said company, of the par value of $6,000; that Hugh W. Sheffey subscribed for 150 shares of the capital stock of said company, of the par value of $15,000; that W. H. Crank subscribed for 20 shares of the capital stock of said company, of the par value of $2,000; that Green Peyton subscribed for 100 shares of the capital stock of said company, of the par value of $10,000; that L. W. Lepop subscribed for 100 shares of the capital stock of said company, of the par value of $10,000; that Sterling and Lepop subscribed for 25 shares of the capital stock of said company, of the par value of $2,500; that L. R. Snead subscribed for 20 shares of the capital stock of said company, of the par value of $2,000; and that William D. Hart subscribed for 50 shares of the capital stock of said company, of the par value of $5,000. And the defendants further aver that after the said several subscriptions to the capital stock of said company a certain suit in equity was instituted in the chancery court of the city of Richmond, in the state of Virginia, in which John W. Wright, sheriff of the city of Richmond, and, as such, administrator of W. W. Glenn, deceased, and other persons, creditors of the National Express and Trans-

poration Company, were complainants, and the said National Express and Transportation Company and John Blair Hoge and John F. Kelly, trustees, and certain other persons, were defendants, and in and to which said chancery cause the creditors of said company were and became parties thereto, and by consent of said creditors and by the adjudication and decrees of the court therein there was paid and accepted in full discharge, acquittance, satisfaction, and release of subscription of stock of the said Michael C. Garber, to wit, on the 18th of December, 1883, $1,250, and no more; of the subscription of the stock of Thomas Opie, to wit, on the 18th of March, 1884, $500, and no more; of the subscription of the stock of Hugh W. Sheffey, to wit, on the 18th of March, 1884, $1,000, and no more; of the subscription of the stock of W. F. Crank, to wit, on the 18th of March, 1884, $600, and no more; of the subscription of the stock of L. W. Lepop, and the subscription of the stock of Sterling and Lepop together, to wit, on the 18th of March, 1884, the sum of $650, and no more; and of the subscription of the stock of William D. Hart, to wit, on the 18th March, 1884, $950, and no more. And these defendants further aver their testate, J. M. Bennett, before the institution of this suit aforesaid, paid to the plaintiff on his subscription of stock to the National Express & Transportation Company $1,328.30, with interest from 25th June, 1886. And the said defendants say that by reason of such full discharge, acquittance, liquidation, satisfaction, and release of said subscribers, and of said subscriptions of stock to said capital stock other than to the testator of the defendants, released, acquitted, and discharged the testator of the defendants from his said subscription to the capital stock of said company, and this the defendants are ready to verify. Wherefore they pray judgment," etc.

This fourth plea was held insufficient, and struck out, and the defendants excepted. Issue was joined on the other pleas, and trial had, and upon the evidence a verdict was returned in favor of Glenn, trustee, for $3,441.66, with interest from July 6, 1892. Judgment was entered on the verdict, and the cause brought to this court on writ of error.

John Brannon, for plaintiffs in error.

B. M. Ambler, for defendant in error.

Before FULLER, Circuit Justice, and DICK and HUGHES, District Judges.

FULLER, Circuit Justice, (after stating the facts.) The sole question for determination is whether the circuit court erred in striking out the fourth plea. It is well settled that decrees against a corporation of the character of those referred to in the pleadings necessarily bind the stockholders in the absence of fraud, and cannot be reviewed or impeached in collateral suits on assessments thereby made. Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. Rep. 739; Glenn v. Liggett, 135 U. S. 533, 10 Sup. Ct. Rep. 867. The decrees of December 14, 1880, and of March 26, 1886, determined that the entire unpaid balance of the stock subscription was necessary in order to pay the indebtedness of the corporation. The judgment recovered against Bennett in 1884, and paid by him, determined his liability as a holder of 50 shares of stock, and defendants were, to that extent at least, concluded in this second suit. Nesbit v. Independent Dist., 144 U. S. 610, 12 Sup. Ct. Rep. 746. But it is said that because certain stockholders, under the orders of the court, and with the consent of creditors, were allowed to compromise the claims against them on paying less than the full amount of their subscription, this operated to discharge

Bennett, upon the theory that the unpaid subscriptions constituted a trust fund for the payment of creditors, and a part of the subscribers could not be released to the prejudice of the others, and the latter be held liable. It will be observed that these compromises were all made, according to the plea, prior to April, 1884, and that the decree of March 26, 1886, was not resisted, so far as the record shows, upon the ground that such compromises affected the liability of those who had not settled; and by no averment in the plea were the compromises attacked as having been otherwise made than fairly and in good faith. Nor did the pleader attempt to show that the defendants were in any manner prejudiced.

In any view, Bennett was not concerned with the question whether other subscribers were discharged or not, unless his liability was improperly thereby increased; and the plea did not state that if the entire amount subscribed for by the stockholders alleged to have been discharged had been paid in full, the second assessment, as made, would not have been necessary. On the contrary, so far as appears, the entire liability of every stockholder had to be exhausted in order to pay the outstanding debts, and such is the conclusion to be drawn from the decrees. There could, therefore, be no equities to be adjusted between the company and individual subscribers, since each subscriber was compelled, in any event, to contribute to the full extent in order to satisfy creditors. The plea does not pretend to make a case of partial loss to be equitably apportioned, and, if any such aspect of affairs existed, it devolved upon the subscribers to develop it in the chancery court before the decree of March 26, 1886, was entered.

At all events, the question suggested cannot be raised in the action upon the call. It must be borne in mind that this was an assessment on an unpaid subscription, and not in enforcement of a statutory liability. The liability of the subscribers was several, and not joint. By the subscription each became a several debtor to the company, as much so as if he had given his promissory note for the amount of his subscription. Hatch v. Dana, 101 U. S. 205. The impossibility of collection as to some subscribers, or collection in part under compromises made in good faith, could not furnish a defense at law to the liability of others on their contract of subscription; and the consent of the creditors to the particular compromises approved by the court prior to the decree of March 26, 1886, did not operate to render the binding effect of the latter any the less conclusive.

In holding the plea insufficient the circuit court was right, and the judgment is affirmed.